**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 9:31 am, Jun 12, 2019

KENNETH EUGENE HAYNES,

       Petitioner,

   v.

WARDEN DERRICK EDGE,

       Respondent.

CIVIL ACTION NO.: 2:19-cv-15

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Kenneth Haynes ("Haynes"), who is incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed this 28 U.S.C. § 2241 Petition seeking an additional seven days' good conduct time credit for each year he has been incarcerated under the First Step Act of 2018.  Doc. 1.  Respondent filed a Motion to Dismiss, and Haynes filed a Response.  Docs. 4, 6, 7.  For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Haynes's Petition **without prejudice** as premature and for failure to exhaust his administrative remedies.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Haynes leave to appeal *in forma pauperis*.

**BACKGROUND**

In his Petition, Haynes asks to be credited with an extra seven days' good conduct time for each year of his incarceration under the First Step Act of 2018.  Doc. 1 at 3.  Haynes asserts Congress amended 18 U.S.C. § 3624(h) to address the method of calculation employed by the Bureau of Prisons ("BOP"), which effectively gave inmates 47 days' credit each year rather than

the 54 days' credit intended.  Id. at 3–4.  Even though Congress "made clear" this change was to

take effect immediately, Haynes maintains the BOP has taken the position these provisions need

not take effect until the Attorney General of the United States "has finished to creation of the risk

assessment at some indeterminate point in the future . . . ."  Id. at 4.  Haynes asserts that waiting

for the BOP to recalculate his sentence at the conclusion of the announced period will not

provide him any relief, as he will already have been released from the BOP's custody.  Id.

Haynes notes he did not have time to complete the administrative remedies process before filing

his Petition.  Id. at 4–5.

Respondent moves to dismiss Haynes's Petition because he failed to exhaust his

administrative remedies prior to the filing of his Petition.  Doc. 4.  In the alternative, Respondent

asserts the Attorney General will not complete the risk and needs assessment program under the

First Step Act until at least July 19, 2019 and, thus, Haynes's Petition is not ripe for review.  Id.

In response, Haynes contends the administrative remedies process could not provide his

requested relief because the time necessary to complete the requisite steps—at least 90 and up to

160 days—is longer than the time he still has left in the BOP's custody.  Doc. 6 at 2.

## DISCUSSION

### I.    Haynes's Requested Relief Is Premature

In requesting to receive an extra 7 days' good conduct time credit for each year of his

sentence, Haynes relies on a provision of the First Step Act of 2018.  While Haynes is correct

that § 102(b)(1) of the First Step Act amended 18 U.S.C. § 3624(b) to allow federal inmates to

earn 54 days' good conduct time credit for each year of the sentence imposed, this provision is

not yet effective.  As other district courts have found:

> In accordance with Section 102(b)(2) of the Act, the amendments made in this section only take effect when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019.

Gilliam v. U. S. Justice Dep't, No. 219-CV-00037, 2019 WL 2062544, at *2 (E.D. Ark. Apr. 19, 2019), *report and recommendation adopted sub nom.*, Gilliam v. Hendrix, 2019 WL 2062494 (E.D. Ark. May 9, 2019) (quoting Rizzolo v. Puentes, No. 1:19-cv-00290, 20019 WL 1229772 (E.D. Cal. March 15, 2019)); see also Crittendon v. White, No. 1:19-cv-669, 2019 WL 1896501 (M.D. Pa. Apr. 29, 2019) (same). As § 102(b)(1) of the First Step Act is not yet effective, Haynes's requested relief under this provision is premature and due to be dismissed at this time. Wykoff v. Woods, Civil Action No.: 2:19-CV-72, 2019 WL 2375257, at *2 (M.D. Ala. May 14, 2019) (request for immediate recalculation of sentence under § 102(b)(1) premature and subject to dismissal) (collecting cases), *report and recommendation adopted*, 2019 WL 2375176 (June 4, 2019). Thus, the Court should **DISMISS as premature** Haynes's Petition on this basis.

## II.    Exhaustion of Administrative Remedies

Even if Haynes's requested relief were not premature, his Petition would be subject to dismissal because he failed to exhaust his available administrative remedies prior to the filing of this Petition. In fact, Haynes admits he did not even begin the exhaustion process. Doc. 1 at 2. Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require a federal prisoner challenging the execution of his sentence to exhaust administrative remedies before seeking review in federal court under § 2241. Santiago-Lugo v. Warden, 785 F.3d 467 (11th Cir. 2015). "Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court." Brimmer v. Warden of FCI-Williamsburg, No. CV 9:19-676, 2019 WL 2305022, at *3 (D.S.C. Apr. 30, 2019), *report*

*and recommendation adopted*, 2019 WL 2303585 (D.S.C. May 30, 2019) (citing <u>Jones v. Bock</u>,

549 U.S. 199, 204 (2007)).

The BOP has established an administrative remedy procedure through which an inmate

may seek review of a grievance related to any aspect of his imprisonment.  28 C.F.R. § 542.10 *et*

*seq.*  The Administrative Remedy Program applies to all inmates incarcerated in penal

institutions operated by the BOP.  § 542.10(b).  Under the applicable Regulations, an inmate

must generally first seek to resolve an issue of concern informally by presenting the issue to

correctional staff.  § 542.13(a).  If this does not resolve the matter, an inmate must submit a

formal written administrative remedy request within 20 calendar days of the incident giving rise

to the grievance.  § 542.14(a).  If unsatisfied with the Warden's response, an inmate may appeal

with the Regional Director within 20 days of the Warden's response.  § 542.15(a).  If dissatisfied

with the Regional Director's response, an inmate may take a final appeal to the BOP's Office of

General Counsel in Washington, D.C., within 30 days of when the Regional Director signed the

response.  <u>Id.</u>  Appeal to the BOP's Office of General Counsel is the final step in the BOP's

administrative remedy process.  <u>Id.</u>  Inmates must complete all three steps of the administrative

remedies process to have exhausted his administrative remedies.

As noted above, Haynes did not initiate, let alone complete, the administrative remedies

process.  Accordingly, the Court should **GRANT** this portion of Respondent's Motion to

Dismiss and **DISMISS without prejudice** Haynes's § 2241 Petition based on his failure to

exhaust his administrative remedies.

### III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Haynes leave to appeal *in forma pauperis*.  Though Haynes

has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's

order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Haynes's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Haynes *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Haynes's Petition **without prejudice** as premature and for failure to exhaust his administrative remedies.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Haynes leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and

Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Haynes and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of June, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA